**DENNY CONCRETE COMPANY, INC.,**
Appellee,

v.

**MISSOURI PORTLAND CEMENT COMPANY, and Botsford Ready Mix Co., Inc., Appellants.**

No. 72–1473.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 10, 1973.
Decided Feb. 7, 1973.

Rehearing Denied Feb. 26, 1973.

Ray S. Bolze, Washington, D. C., for appellants.

Leon B. Seck, Harrisonville, Mo., for appellee.

Before LAY, HEANEY and STEPHENSON, Circuit Judges.

PER CURIAM.

The complaint in this case was filed March 7, 1969. It sought treble damages under § 4 of the Clayton Act, 15 U.S.C. § 15, alleging violations of § 1 of the Sherman Act, 15 U.S.C. § 1; §§ 2 and 7 of the Clayton Act, 15 U.S.C. §§ 13, 18; and Chapter 416 of the Missouri Revised Statutes. The action was brought by Denny Concrete Company, Inc., against Missouri Portland Cement Company and its wholly owned subsidiary, Botsford Ready Mix Company, Inc. The complaint attacks a 1964 Denny requirements contract with Missouri Portland as an illegal tie-in and the 1965 Botsford acquisition by Missouri Portland. After substantial discovery proceedings by both parties and several pretrial conferences, on June 9, 1972, plaintiff was permitted to dismiss its complaint without prejudice and refile the same case. The trial court permitted the dismissal under Rule 41(a)(2), Fed.R.Civ.P., without any sanctions and ordered:

"All discovery, stipulations, motions now pending, Memorandums and Orders of this Court, and all other matters in cause No. 17,300–4 are preserved and transferred to cause No. 20375–4 and shall continue to have the same force and effect as in cause No. 17,300–4."

Defendants brings this appeal claiming that the dismissal without prejudice was an abuse of discretion. It seeks alternative relief praying that this court either require the dismissal of the complaint to be with prejudice or allow the dismissal without prejudice to stand but require terms and conditions which would allow defendants' costs and attorney fees.

It is alleged that the district court set the case for trial on five different occasions; that on each occasion the plaintiff sought and was given a continuance on the ground that it was not ready for trial. Plaintiff alleges that one of the reasons it is not ready for trial is because of defendants' refusal to properly respond to plaintiff's demands for discovery. Plaintiff adds that it needs further time to obtain additional depositions and that certain pending proceedings by the Federal Trade Commission have evidential relevance to the proof of plaintiff's case.

The only issue before us is whether the trial court abused its discretion in its ruling. The district court observed in one of its pretrial conferences prior to dismissal:

"I have not been ordered by the Administrative Office to try this case within three years. I still have discretionary control. But obviously I am going to try to avoid having this case become more than three years old in order to have it designated an emergency situation. If circumstances warranted it, I would, of course, not try the case within the three-year period and simply take the heat of having it be an emergency matter." Transcript of Pre-Trial Conference at 19 (Jan. 13, 1971).

Later the court observed:

"THE COURT: . . . [plaintiff's counsel] will eventually advise the Court as to whether they can be ready for trial to commence no later than the last Monday of May, 1972 . . . . [I]n the event they cannot be ready for trial by that time, it is the present thinking of [plaintiff] they will undertake to dismiss, without prejudice, with consent of Court, this case in its entirety so that they may, within a short time thereafter, file a new suit on the same subject matter . . . and would then proceed to go along with discovery, picking it up from the point that it would have termination with the dismissal of this case.

"I have advised . . . [plaintiff's counsel] that insofar as I know, upon the commencement of a new case as is indicated, that case would bear

a new number and new starting time and would not fall within the three year policy situation that I previously put in this record, until three years from the commencement of that case." Transcript of Pre-Trial Conference at 8–9 (Feb. 17, 1972).

Although the plaintiff seeks to justify the trial court's discretion in granting the dismissal, the plaintiff asserts in his brief:

"\* \* \* If there is anyone damaged by the refiling to avoid the lower Court's problem with the three year policy rule, it is plaintiff. Defendants are already claiming that 'whereas the FTC merger case may possibly toll the statute of limitations as to one of plaintiff's counts, it does not toll other counts.' [Br. 15] And there are five other counts. If this *ultimately* is the determination, *then plaintiff is forced to pay a high price* in order to *accommodate a policy rule of the judiciary*. As related in their brief [p. 5] there are no exceptions, according to the Administrative Office of the United States Courts, to the three year policy rule—including anti-trust cases. That appears to be arbitrary. According to Alamance Industries Inc. v. Filene's, 291 F.2d 142 [2 Cir. 1961], courts exist to serve the parties, not themselves, and not just to demonstrate their speed in dispatching business. And, as curious as it may seem, there are hosts of cases in other district courts throughout the United States which have been there for more than three years." [1] (Emphasis ours.) Brief for Appellee at 9.

We feel the trial court has misunderstood the so-called three year rule of the Judicial Conference. In 1961 the Judi-

cial Conference of the United States resolved:

"(1) That the Judicial Conference of the United States declare it to be the policy of the judiciary that every case pending three years or more and appropriate for trial be regarded as a judicial emergency by all the judges of any circuit where such cases are to be found, and

"(2) That the Conference request each circuit, through the judicial council, to make appropriate plans for mustering the available judges of the circuit to pretry, try, and eliminate these cases from the dockets by a date certain, fixed in advance in each circuit with regard to the size of the task." Conf.Rept. at 63 (Sep. 19–20, 1961).

■■ Nowhere within the resolution is the suggestion that a district court need dismiss cases not tried within three years—only that an emergency exists and that the circuit council, if need be, muster all manpower, judicial and otherwise, to achieve a trial by a date certain. We find that the district court action in dismissing this case without prejudice violates the spirit of the resolution. No real purpose is accomplished or resolved by such dismissal. It is fictional to say that since a new case with a new number now exists there no longer is an emergency. Surely, the administration of court dockets must be more realistic than this.

We, therefore, find that the stated reason for the dismissal without prejudice was an abuse of discretion. We cannot assess from the present record "fault" of the parties in order to impose any terms and conditions.[2] Since the dismissal was induced by the court's mis-

---

1. There has been no cross-appeal by plaintiff to the dismissal.

2. As indicated the record before us is not sufficient to pass on the good or bad faith of the parties in pursing the terminal end of this litigation. However, since the parties have both injected this issue, we make only one observation in this regard—namely, that both parties are represented by competent counsel and the fact that such charges and countercharges are being made casts some doubt on whether either side is approaching the case as responsible officers of the court. If inordinate delay is the result of failure to properly comply with court orders or other reasons smacking of bad faith exist, we are confident the trial court can properly get to the bottom of such charges and, if necessary, take appropriate action.

application of the "rule" involved it would be grossly unfair to dismiss the case with prejudice. Plaintiff, as it points out in its brief, may well have suffered some prejudice by the running of the statute of limitations on some of its counts. We find in fairness that although the trial court erred in its dismissal without prejudice, the order should be affirmed. However, we direct the district court to treat this case as having been originally filed on March 7, 1969, to continue to report the same to the Administrative Office and this court as having been filed over three years, to treat the case as an emergency, to require a specific date for the end of discovery, and to set a specific date for trial.

The judgment is otherwise affirmed.